HONORABLE BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNIBANK; AND U & I FINANCIAL CORP.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>GREAT AMERICAN SECURITY INSURANCE COMPANY,<br><br>　　　　　　Defendant, and<br><br>SUNG WAN KIM, PETER PARK, and KWI SUN KIM,<br><br>　　　　　　Necessary/Interested Party Defendants. | Case No.: 2:25-cv-1261-BJR<br><br>**UNIBANK; AND U & I FINANCIAL CORP. FIRST AMENDED COMPLAINT OF A CIVIL CASE ALLEGING DECLARATORY RELIEF; BREACH OF CONTRACT**<br><br>**(28 U.S.C. § 1332; Diversity of Citizenship)**<br><br>**Jury Trial:** ☒ YES  ☐ NO |

Pursuant to Fed. R. Civ. Pro. Rule 15(a)(1)(B), Plaintiffs submit their First Amended Complaint:

## I.   THE PARTIES TO THIS COMPLAINT

**A.**   Plaintiff (s)
Unibank; and U & I Financial Corp. (collectively "Unibank" or "Policyholder")
19315 Highway 99
Lynnwood, Washington 98036
425-275-9700

**B.**   Defendant
Great American Security Insurance Company ("Great American")
301 E. Fourth Street
Cincinnati, Ohio 45202-4201
1-800-545-4269

**UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT** - 1
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

**C.** Necessary/Interested Party Defendants:

Sung Wan Kim
16130 SE 45th Ct
Bellevue, WA 98006

Peter Park
1051 D Jorup Street
Camano Island, WA 98282

Kwi Sun (Sunny) Kim
3055 215th Pl SW
Brier, WA 98036

## II.  BASIS FOR JURISDICTION

1. Plaintiff, Unibank; is incorporated under the laws of the State of Washington, and has its principal place of business in the State of Washington.

2. Plaintiff, U & I Financial Corp., is a bank holding company and the sole owner of UniBank, with its principal place of business in Lynnwood, Washington

3. Defendant, Great American Security Insurance Company is incorporated under the laws State of Ohio, and its principal place of business in the State of Ohio, with authorization to do business in the State of Washington by the Washington Insurance Commissioner.

4. Necessary/Interested Party Defendants Sung Wan Kim, Peter Park, and Kwi Sun (Sunny) Kim are individuals residing in the State of Washington. They are named as Defendants because they are necessary parties under Fed. R. Civ. Pro. 19(a)(1).

## III.  THE AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.

## IV.  STATEMENT OF CLAIM

**The Policy**

1. Great American insured Policyholder under a Directors & Officers Liability Policy, Policy Number DNOE423841, for the policy period running from October 31, 2022 to October 31, 2023 ("the Policy"). Under the Policy, Great American provided Policyholder with Directors & Officers liability insurance coverage with limits of $7,000,000 and a total aggregate limit of $14,000,000 for each policy year.

UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT - 2
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

2. Under the Policy, Great American also provided Policyholder with "Broad Form Company Liability" coverage, with a separate stated liability limit of $3,000,000. Great American charged Policyholder a separate premium for this coverage.

3. In purchasing the Policy, Policyholder intended to purchase separate and distinct liability coverage for its Officers and Directors, while purchasing a separate policy limit for Broad Form Company Liability coverage. On information and belief, Great American underwrote and issued the Policy intending to provide such separate and distinct coverage to Policyholder and its Officers and Directors.

T**he Underlying Claims**

4. On October 31, 2023, a lawsuit was filed against Policyholder and certain of its individual officers and/or directors in the Superior Court of Washington for Snohomish County, Case No.23-2-07972.31 ("the D & O Lawsuit"). Policyholder timely tendered the D & O Lawsuit to Great American, seeking coverage under the Policy.

5. The D & O Lawsuit includes causes of action alleging fraudulent misrepresentation, negligence, violation of the Securities Act of Washington, and violation of the Consumer Protection Act of Washington. The only cause of action directed at the individual officers and/or directors are for secondary liability under the Securities Act of Washington. Unibank has agreed to indemnify the individual defendants named in the D & O Lawsuit.

6. The plaintiffs in the D & O Lawsuit were individuals and entities who purchased equipment from a company called Clean Energy Technology Association, Inc. ("CETA"). The plaintiffs in the D & O Lawsuit allege, among other things, that Policyholder made loans that financed their purchases from CETA. They further allege that "UniBank stepped out of the shoes of an ordinary bank making a loan and operated more as a promoter for CETA and an advisor to Plaintiffs."

7. The State of Washington Department of Financial Institutions, Division of Banks, filed a Statement of Charges and Notice of Intent to Prohibit From Industry and Impose Fine ("the

**UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT** - 3
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Administrative Action") against former UniBank officers Sung Wan Kim, Peter Park, and Kwi Sun (Sunny) Kim ("Respondents"). The Administrative Action involved the Respondents' alleged roles in the purchase of carbon capture and utilization units (CCU) machines from CETA. UniBank did not indemnify Respondents with regard to the Administrative Action, which Respondents, on information and relief, tendered directly to Great American.

8. The Administrative Action alleges, among other things, that Respondents formed a limited liability company, KPK Holdings, LLC, "for the stated purpose of making personal investments" in CETA, including the purchase of two CCU machines.

9. The Administrative Action further alleges that Respondent Sung Wan Kim formed other business entities, including one "with other individuals that included Bank borrowers," which allegedly obtained loans from UniBank to finance purchases from CETA.

10. The Administrative Action further alleges that Respondents violated UniBank policies and breached their fiduciary duties to UniBank, causing loss and/or damages to UniBank.

11. Great American acknowledged coverage for the D & O Lawsuit and the Administrative Action, but contended that all claims in the D & O Lawsuit and the Administrative Action were together subject to the Policy's $3,000,000 "Broad Form Company Liability" limit of liability.

12. Policyholder and Respondents have incurred, and continue to incur, defense costs in responding to the D & O Lawsuit and the Administrative Action that are covered under the Policy. Policyholder's total covered losses will exceed the $3,000,000 "Broad Form Company Liability" limit.

## V. FIRST CAUSE OF ACTION
(Declaratory Judgment)

13. <u>Incorporation</u>. Policyholder incorporates by reference so much of the other portions of this Complaint as is not inconsistent with this cause of action.

14. <u>Declaratory Judgment Construing the Policy</u>. Washington law entitles Policyholder to a declaratory judgment that the Policy provides full coverage for the D & O

UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT - 4
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Lawsuit and the Administrative Action up to the Policy's full stated D & O coverage limit of $7,000,000 and its separate "Broad Form Company Liability" coverage limit of $3,000,000, including costs of defending the claims asserted in the D & O Lawsuit and the Administrative Action.

## VI.    SECOND CAUSE OF ACTION
### (Breach of Contract)

15. <u>Incorporation</u>. Policyholder incorporates by reference so much of the other portions of this Complain as is not inconsistent with this cause of action.

16. <u>Coverage</u>. The Policy provides coverage for the claims asserted in the D & O Lawsuit and the Administrative Action, up to the Policy's full stated D & O coverage limit of $7,000,000 and its separate stated "Broad Form Company Liability" coverage limit of $3,000,000.

17. <u>Breach</u>. Great American breached its obligations under the Policy by failing to make the full policy limits available in response to the D & O Lawsuit and the Administrative Action.

18. <u>Damages</u>. Policyholder and, on information and belief, Respondents have sustained damages as a direct and proximate result of Great American's breach of its obligations under the Policy and governing Washington law. Policyholder is entitled to recover damages from Great American including, without limitation, defense costs incurred in response to the D & O Lawsuit and any and all amounts that Policyholder is legally obligated to pay as a result of the D & O Lawsuit and, up to and including the full limits provided by the Policy.

## VII.    RELIEF

WHEREFORE, Policyholder respectfully prays for the following relief:

1. A judgment declaring that the full Policy's full stated D&O coverage limit of $7,000,000 and its separate stated "Broad Form Company Liability" coverage limit of $3,000,000, are available to pay for defense costs and any judgments and/or settlements arising from the D & O Lawsuit and the Administrative Action;

2. A declaration that Great American breached the Policy by failing to acknowledge

**UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT** - 5
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

the full policy limits available in response to the D & O Lawsuit and the Administrative Action;

    3.    A judgment against Great American for Policyholder's actual damages in the amount to be established at hearing or trial;

    4.    A judgment against Great American for Policyholder's costs and attorney fees to the full extent allowed by law (including but not limited to pursuant to the *Olympic Steamship* doctrine);

    5.    Prejudgment and post judgment interest on the above amounts to the full extent allowed by law; and

    6.    For such and further relief as this Court deems just or equitable.

## VIII.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

/ / / /

/ / / /

/ / / /

/ / / /

**UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT** - 6
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Dated: August 11, 2025

BUCHALTER

By: */s/ Bradley Hoff*
Bradley Hoff, WSBA #23974
Jennifer Oswald, WSBA #43253

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052
bhoff@buchalter.com
joswald@buchalter.com
*Attorneys for Plaintiffs*

BUCHALTER

By: */s/ Kevin S. Mapes*
Kevin S. Mapes, WSBA #40416

805 SW Broadway, Suite 1500
Portland, Oregon 97205
Telephone: 503.226.1191
kmapes@buchalter.com
*Attorneys for Plaintiffs*

**UNIBANK; AND U & I FINANCIAL CORP.'S FIRST AMENDED COMPLAINT** - 7
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***Attorney for Defendant Great American Security Insurance Company***
Jonathan Toren, WSBA No. 46896
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98101
jtoren@cozen.com

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing Certificate of Service is true and correct.

*/s/Marci L. Brandt*
Marci L. Brandt, Legal Assistant
mbrandt@buchalter.com

**CERTIFICATE OF SERVICE** - 8
CASE NO.: 2:25-CV-1261

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052